hAMY, J.,
concurring.
I agree that an affirmation of the ruling of the workers’ compensation judge is required. In addition to the claimant’s failure to sustain her burden of proof with regard to the prescription issue. I observe that the claimant also failed to allege a compensable accident within the definition of La.R.S. 1021(7)(b). The failure to state a cause of action may be noticed on the court’s own motion. See La.Code Civ.P. art. 927(B).
The claimant alleged only mental injury caused by mental stress. La.R.S. 23:1021(7)(b) provides:
Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a sudden, unexpected, and extraordinary stress related to the employment and is demonstrated by clear and convincing evidence.
*1286 There is no indication that the claimant’s alleged mental injury resulted from the type of “sudden, unexpected, or extraordinary stress” required by Section (7)(b).
For these reasons, I concur in the affirmation of the ruling of the workers’ compensation judge.